IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eshawn Jessica Scipio, | ) | Case No.: 4:23-cv-06088-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| Finklea, Hendrick & Blake, LLC; Gary | ) | |
| I. Finklea; Charlie Blake, Jr.; Charlie | ) | |
| Scipio; Elvira Caldwell; Bernice | ) | |
| Wheeler, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett (DE 26), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses the Magistrate Judge's pre-service screening of Plaintiff Eshawn Jessica Scipio's ("Plaintiff" or "Scipio") Amended Complaint under 28 U.S.C. § 1915.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

Plaintiff initiated this action on November 28, 2023, asserting claims under 42 U.S.C. § 1983. (DE 1.) Following initial review under § 1915, the Magistrate Judge recommended summary dismissal of the Complaint, finding that the named

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

defendants were not state actors subject to suit under § 1983. (DE 13.) The Report further noted that Plaintiff's challenges to final orders of the Darlington County Court of Common Pleas and the Darlington County Probate Court were barred by the Rooker-Feldman doctrine. (*Id.* at 4 n.1.)

Plaintiff subsequently filed an Amended Complaint on January 19, 2024 (DE 16), and objections to the initial recommendation on January 22, 2024 (DE 17). On March 19, 2025, the Court denied the prior Report and Recommendation as moot in light of the Amended Complaint and recommitted the matter for further review, directing the Magistrate Judge to assess, among other issues, whether amendment would be futile. (DE 21.)

In the Amended Complaint, Plaintiff asserts claims under 42 U.S.C. §§ 1981, 1982, and 1983, as well as alleged violations of the Fourteenth Amendment. (DE 16.) Plaintiff alleges that her daughter, Judith Scipio, inherited certain real property in Darlington, South Carolina, which she subsequently transferred to Plaintiff by deed on September 11, 2020. Plaintiff contends that a fraudulent deed, allegedly filed by Defendants Gary I. Finklea and Charlie Blake, Jr. on behalf of Defendants Charlie Scipio, Elvira Caldwell, and Bernice Wheeler (collectively, "Defendants"), has deprived her of rightful ownership of the property.

According to Plaintiff, she filed an action in the Darlington County Court of Common Pleas in January 2021 to correct the property records. That court, however, entered judgment in favor of the Defendants. Plaintiff further alleges that the validity of the deed was also addressed in proceedings before the Darlington County Probate

Court, which likewise concluded that the disputed deed vested ownership in the Defendants. Plaintiff asserts that the fraudulent conveyance forced her and her family to vacate the property, resulting in various harms. She seeks damages in the amount of $10,000,000.

### B. Report and Recommendation

On April 11, 2025, the Magistrate Judge issued the Report recommending that the Amended Complaint be summarily dismissed. (DE 26.) The Report concludes that Plaintiff fails to state a claim under §§ 1981, 1982, or 1983 upon which relief can be granted. Additionally, the Magistrate Judge reiterates that, to the extent Plaintiff seeks to challenge final decisions of state courts, such claims are barred under the Rooker-Feldman doctrine, which precludes federal district courts from reviewing state court judgments. No objections to the Report have been filed.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**D. Conclusion**

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 26) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that Plaintiff's Amended Complaint (DE 16) is DISMISSED WITHOUT PREJUDICE and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South
Carolina June 16, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.